UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

MIDDLETON BERNARD STALEY,            )
                                     )
    Petitioner,                      )    Civil Action No. 0: 07-CV-122-HRW
                                     )
vs.                                  )
                                     )
BRIAN PATTON,                        )    **MEMORANDUM OPINION**
                                     )    **AND ORDER**
    Respondent.                      )

***** ***** *****

Middleton Bernard Staley ("Staley"), a prisoner confined at the Federal Prison Camp-Ashland in Ashland, Kentucky ("FPC-Ashland"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2, 6] and paid the $5 filing fee. [R. 5]

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As Staley is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.     Factual Background.**

On December 27, 2001, Staley was sentenced to a 42-month term of incarceration by a state court in LaSalle County, Illinois, for two counts of Forgery. He was released on parole on

March 27, 2003, and completed service of this sentence on March 27, 2004. On September 2, 2005, Staley was sentenced to a 48-month term of incarceration by a state court in Winnebago County, Wisconsin, for six counts of Forgery-Uttering.

On May 21, 2003, prior to the expiration of his state sentences, Staley was charged in the Northern District of Iowa with conspiracy to make, possess, and utter counterfeit securities in violation of 18 U.S.C. § 371 and for possessing and causing the utterance of counterfeit securities in violation of 18 U.S.C. §§ 513(a), (2)(b). Staley pled guilty pursuant to a written plea agreement, and on June 13, 2006, the trial court sentenced Staley to a 36-month term of incarceration. In doing so, the Court noted that it had departed downward 15 months to account for time served on the Illinois conviction for related but distinct conduct. The trial court also ordered the sentence to run concurrently with Staley's prior Wisconsin conviction "pursuant to the provisions of U.S.S.G. § 5G1.3(b)." *United States v. Staley*, 03-CR-39, Northern District of Iowa [R. 1, 24, 33 therein].

On October 13, 2006, Staley filed a motion to alter or vacate his sentence under 28 U.S.C. § 2255 in the trial court, in which he asserted that the Bureau of Prisons ("BOP") was incorrectly implementing the court's judgment by failing to treat his federal sentence as having retroactively commenced on the same date as his Wisconsin sentence. On May 23, 2007, the trial court denied the motion, concluding that Staley could not raise this type of claim in a motion under Section 2255 and that he had failed to exhaust his administrative remedies with the BOP. *Staley v. United States*, 06-CV-145, Northern District of Iowa [R. 1, 4, 5 therein].

On April 30, 2007, Staley commenced the process of administratively appealing this issue by filing an Informal Resolution Attempt with the BOP. After this effort failed to resolve the

issue to his satisfaction, on May 14, 2007, Staley filed a Form BP-229 with the Warden. Before the Warden had issued his response, Staley filed a petition for a writ of habeas corpus in this Court, which was denied for failure to exhaust administrative remedies. *Staley v. Patton*, 07-53-JMH, Eastern District of Kentucky [R. 2, 10]

On May 22, 2007, the Warden denied Staley's administrative grievance. The warden noted Staley's prior Illinois and Wisconsin convictions, and indicated that Staley was not awarded any prior custody credit because the district court had already given him credit for that time through its 15-month downward departure pursuant to Sentencing Guideline 3G1.3. Staley's appeal to the BOP's Mid-Atlantic Regional Office ("MARO") was denied on August 16, 2007. MARO indicated that the time for which he sought credit against his federal sentence was unavailable under Section 3585(b) because it had already been credited against his prior state sentence. Staley indicates that he appealed this determination to the BOP's Central Office, but had never received any response.

In his petition, Staley asserts that the trial court's order that his federal sentence run concurrently with his already-commenced Wisconsin sentence required the BOP to consider his federal sentence to have retroactively commenced on the date his Wisconsin sentence was imposed, and seeks credit against his federal sentence for this time prior to his federal conviction.

**II.     Discussion.**

Staley's claim, although referred to at times as seeking additional "credit" for time served prior to the imposition of his federal sentence, fundamentally challenges the BOP's refusal to deem his federal sentence as having commenced prior to its imposition. As Staley puts it,

> [Staley's] sentence cannot be fully concurrent if contrary to the intent of the sentenc[ing] court a individual serves separate and additional time on a sentence that was intended to be served at the same time. The B.O.P. is only crediting [Staley] from 6-13-06 to the present reflecting a partially concurrent sentence.
>
> \*\* \*\* \*\*
>
> ... sentence credit needs to be granted to run with past and future time served on state sentence before Federal sentencing.

[R. 6 at pgs. 5-6]  Staley's petition makes clear his belief that because the Iowa district court ordered his federal sentence to run concurrently with his prior Wisconsin sentence, the BOP must consider his federal sentence to have commenced on the same date as his prior Wisconsin sentence, on September 2, 2005.

The relief sought by Staley -- the retroactive commencement of his federal sentence to the date his state sentenced commenced -- on the theory that such was required to give full effect to the federal court's order that the two sentences run concurrently, is contrary to the sentencing court's expressed intention and is barred by Section 3585. In its June 16, 2006 Judgment, the Court stated that "[p]ursuant to the provisions of U.S.S.G. § 5G1.3(b), these terms of imprisonment shall run concurrently with the term of imprisonment imposed in Winnebago County, Wisconsin, Case No. 03CF363." The referenced Sentencing Guideline provides, in part:

> (b) If ... a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction ... and that was the basis for an increase in the offense level for the instant offense ..., the sentence for the instant offense shall be imposed as follows:
>
> > (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> >
> > (2) the sentence for the instant offense shall be imposed to run concurrently ***to the remainder of the <u>undischarged</u> term of***

*imprisonment*.

U.S.S.G. § 5G1.3(b) (emphasis added). Consistent with this provision, the Iowa district court reduced Staley's sentence from 51 months - the maximum under the applicable guideline range - to 36 months to account for 15 months served in Illinois for related conduct, as required by Section 5G1.3(b)(1). The Court's Judgment also directed, as required by Section 5G1.3(b)(2), that the federal sentence be run concurrently with the ***undischarged*** term of Staley's 48-month Wisconsin conviction. The sentencing court's express reference to this provision, particularly in the absence of any expressed intention to make the federal sentence retroactively concurrent to the pre-existing state sentence, makes clear that the federal sentence was to run co-extensively only with the undischarged term of state imprisonment. This result is further consistent with the terms of 18 U.S.C. § 3585(a), which provides that a federal sentences commences on the date that the BOP takes custody of the prisoner to commence service of his federal sentence. Because of this statutory command, a sentencing court's order directing concurrent sentences means the federal sentence runs concurrently only with the undischarged portion of a prior state conviction. *See United States v. Tackles*, 2003 WL 1849350 (10th Cir. 2003); *Bianco v. Minor*, 2003 WL 21715347, \*\*10-15 (M.D. Pa. 2003). Accordingly, Staley's petition for a writ of habeas corpus must be denied.

### III.   Conclusion.

Accordingly, **IT IS ORDERED** that:

1.   Staley's petition for a writ of habeas corpus [R. 2] is **DENIED**.

2.   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This February 2, 2009.

